# Exhibit C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

Dale E. Barney, Esq.
David N. Crapo, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: dbarney@gibbonslaw.com
   dcrapo@gibbonslaw.com
Counsel for Discover Growth Fund, LLC

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC., *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 19-13273 (VFP)**<br><br>**(Jointly Administered)** |
| IMMUNE PHARMACEUTICALS, INC.; IMMUNE PHARMACEUTICALS, LTD.; CYTOVIA, INC.; IMMUNE ONCOLOGY PHARMACEUTICALS, INC.; MAXIM PHARMACEUTICALS, INC.; IMMUNE PHARMACEUTICALS USA CORP.; and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF IMMUNE PHARMACEUTICALS, INC., *et al.*,<br><br>       Plaintiffs,<br><br>vs.<br><br>DISCOVER GROWTH FUND, LLC,<br><br>       Defendant. | **Adv. Proc. No. 19-02033**<br><br>**DEFENDANT'S RESPONSIVE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT DISCOVER GROWTH FUND, LLC** |

---

[1] The Debtors in these chapter 11 cases and the last four digits their of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

2781239.1 115785-102528

Mr. Kirkland advised that the Debtors could choose a total of three items he would consider changing in his offered terms. *See id.*

> **DEFENDANT'S RESPONSE:** Denied. Kirkland told Fiorino and Rabin that he would not consider unnecessary cosmetic changes to the documents and for Fiorino and Rabin not to present extensive, but unnecessary, changes. Kirkland Dec. ¶¶ [23, 43]. The proposed structure of Immune's 2018 transaction that was memorialized in the Debt Documents (the "2018 Transaction") was substantially similar to the 2015 Transaction, except that the 2018 transaction was for secured debt rather than preferred stock. Kirkland Dec., ¶¶ 19-20. In other words, the Debt Documents resembled documents Immune had already seen. *Id.*, It took a month to negotiate the term sheet. *Id.* It also bears noting that the Agreement incorporated approximately thirty different drafts. *Id.*, ¶ 21. Immune, therefore, was an active party in the negotiation of the Debt Documents. *Id.*, ¶ 22. Consequently, Immune's contention that Discover was the sole drafter of the Debt Documents is patently false. *Id.*, ¶¶ 22, 44.

12.     At the time of these negotiations, discover was aware of the Debtors' desperate need for funding, for example that Immune had signed a convertible note in the amount of $100,000 in order to ensure it could meet its rent and payroll obligations, and took advantage of the Debtors' weak position. *See id.* at ¶15.

> **DEFENDANT'S RESPONSE:** Denied. Immune approached Discover through Maxim Group, a registered broker-dealer, so Discover did not take advantage of Immune. Kirkland Dec. ¶ 18. Discover took the laboring oar in preparing the Debt Documents to save on *Immune's* legal fees. *Id.*, ¶ 21.

5

2781239.1 115785-102528

Additionally, Immune was actively involved in the drafting of the Debt Documents. *See* Discover's Response to Immune's Fact Statement No. 11 immediately above.

13. There is no provision in the Securities Purchase Agreement that states that Immune and Discover are considered joint drafters of the documents. *See id.* at ¶16.

> **DEFENDANT'S RESPONSE:** Denied. In § VII.N of the Agreement, Immune expressly states that the parties had an equal opportunity to negotiate and comment on the Debt Documents and expressly waives the argument that any ambiguity in the Debt Documents must be construed against Discovery as the sole drafter. Kirkland Dec. Exh. 2, § VII.N, at p. 28; Kirkland Dec. ¶¶ 22-26.

14. Mr. Kirkland is a sophisticated and experienced party who provided the Debtors with form documents, from which he adamantly refused to deviate. The language of the Securities Purchase Agreement accurately reflects Discover's intentions and its explicit acquiescence to any provisions limiting or restricting its claims on the Debtors. *See id.* at ¶17.

> **DEFENDANT'S RESPONSE:** Denied for the reasons set forth in the Defendant's response to Immune's Fact Statement Nos. 11-12 above. Additionally, the Agreement contains no provisions limiting or restricting Discover's claims. *See, generally*, Kirkland Dec., Exh. 2. *See also* Kirkland Dec., ¶ 41. Kirkland did not "adamantly refuse[ ] to deviate from the forms used in the 2015 Transaction. The forms negotiated in connection with the Debt Documents had been derived from forms used in connection with the 2015 and were modified to meet the provisions of the parties' termsheet. *Id.*, ¶ 42.