UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

---

Dale E. Barney, Esq.
David N. Crapo, Esq.
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: dbarney@gibbonslaw.com
       dcrapo@gibbonslaw.com
Counsel for Discover Growth Fund, LLC

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-13273 (VFP)<br><br>(Jointly Administered) |
| JEFFREY A. LESTER, CHAPTER 7 TRUSTEE FOR IMMUNE PHARMACEUTICALS, INC., *et al.*,<br><br>                Plaintiffs,<br><br>  vs.<br><br>DISCOVER GROWTH FUND, LLC,<br><br>                Defendant. | Adv. Proc. No. 19-02033<br><br>**Hearing Date: August 18, 2020 at 10 a.m. ET**<br><br>**Response Deadline: August 11, 2020** |

**DEFENDANT DISCOVER GROWTH FUND, LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO THE MOTION OF JEFFREY A. LESTER, CHAPTER 7
<u>TRUSTEE, FOR CERTIFICATION OF DIRECT APPEAL TO THE THIRD CIRCUIT</u>**

---

[1] The Debtors in these chapter 7 cases and the last four digits their of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).

# TABLE OF CONTENTS

                                        **Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

RELEVANT BACKGROUND ................................................................................................. 2

        A.        The Bankruptcy Proceedings and Discover's Debenture .......................... 2

        B.        The Court Denies the Debtors' Motion for Partial Summary Judgment ................................................................................................. 3

        C.        The Trustee is Appointed, and His Motion for Reconsideration Is Denied .................................................................................................. 4

LEGAL ARGUMENT ............................................................................................................... 5

    I.        The Reconsideration Order Does Not Involve A Pure Question of Law. .............. 6

        A.        The Reconsideration Order Does Not Involve a Pure Question of Law, But Rather a Mixed Question of Fact and Law That is Not Appropriate For Direct Appeal. ................................................................ 6

        B.        The Reconsideration Order Does Not Involve A Question of Law Requiring Resolution of Conflicting Decisions, Even if the Trustee's Second "Question" Is Considered ........................................... 10

    II.       The Reconsideration Order DOes not Involve A Matter of Public Importance. ................................................................................................................. 12

    III.      An Immediate Appeal Will Not Materially Advance the Progress of the Adversary Proceeding ............................................................................................... 13

CONCLUSION ........................................................................................................................ 15

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re 15375 Mem'l Corp.*,
   No. 06-10859 (KG), 2008 WL 2698678 (D. Del. July 3, 2008)..................................................6

*In re Abengoa Bioenergy Biomass of Kansas, LLC*,
   No. 16-10446, 2016 WL 3180587 (Bankr. D. Kan. May 26, 2016).........................................7

*In re Aerogroup Int'l, Inc.*,
   No. 17-11962 (CSS), 2020 WL 757892 (D. Del. Feb. 14, 2020) ................................12, 13, 14

*In re Am. Home Mortg. Inv. Corp.*,
   408 B.R. 42 (D. Del. 2009)..........................................................................................6, 11, 12, 13

*In re Conex Holdings*,
   534 B.R. 606 (D. Del. 2015)...................................................................................................13

*In re Dutkiewicz*,
   403 B.R. 472 (B.A.P. 6th Cir. 2009).........................................................................................7

*In re Gen. Motors Corp.*,
   409 B.R. 24 (Bankr. S.D.N.Y. 2009).................................................................................11, 13

*In re Hallwood Energy, L.P.*,
   No. 3:12-CV-1902-G, 2013 WL 524418 (N.D. Tex. Feb. 11, 2013) .....................................11

*In re Johns-Manville Corp.*,
   449 B.R. 31 (S.D.N.Y. 2011)..................................................................................................13

*Mark IV Indus., Inc. v. New Mexico Env't Dep't*,
   452 B.R. 385 (S.D.N.Y. 2011)..................................................................................................7

*In re Mid-Am. Waste Sys., Inc.*,
   228 B.R. 816 (Bankr D Del. 1999) ...................................................................................11, 12

*In re Millennium Lab Holdings II, LLC*,
   543 B.R. 703 (Bankr. D. Del. 2016) ...........................................................................5, 11, 14

*In re Mobil Tool Int'l, Inc.*,
   306 B.R. 778 (Bankr. D. Del. 2004) ........................................................................................3

*In re Montgomery Ward Holding Corp.*,
   272 B.R. 836 (Bankr. D. Del. 2001) ........................................................................................9

*In re Prof'l Ins. Mgmt.*,
  285 F.3d 268 (3d Cir. 2002) ................................................................................................ 14

*In re Revel AC, Inc.*,
  No. 14-22654 (GMB), 2015 WL 333341 (D.N.J. Jan. 23, 2015) ........................................... 11

*In re Tribune Co.*,
  477 B.R. 465 (Bankr. D. Del. 2012) ................................................................................. 6, 12

*Weber v. United States*,
  484 F.3d 154 (2d Cir. 2007) ............................................................................................. 6, 15

**Statutes**

11 U.S.C. § 510(b) ................................................................................................................ *passim*

28 U.S.C. § 158(d)(2)(A) ....................................................................................................... *passim*

**Rules**

Federal Rule of Bankruptcy Procedure 8001(f)(3)(C) ................................................................ 11

Federal Rule of Bankruptcy Procedure 8006(f)(2) ..................................................................... 11

Defendant Discover Growth Fund, LLC ("Discover"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to the motion (the "Motion") filed by Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Immune Pharmaceuticals, Inc. ("Immune") and affiliated debtors (the "Debtors"), for certification pursuant to 28 U.S.C. § 158(d)(2)(A) ("Section 158(d)(2)(A)") of a direct appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit") of this Court's interlocutory order entered on July 10, 2020 denying the Trustee's motion for reconsideration (the "Order" or "Reconsideration Order") of this Court's denial of the prior plaintiffs' motion for partial summary judgment, on the ground that there are genuine disputes as to material fact.

## PRELIMINARY STATEMENT

On June 23, 2020, this Court denied the Trustee's motion for reconsideration because it raised the same arguments and, more importantly, implicated the same factual disputes and mixed question of fact and law, that precluded entry of summary judgment. The Trustee's Motion thus rests on a faulty premise: the Reconsideration Order, like the order denying partial summary judgment that preceded it, does not present a pure question of law, as it must to be appropriate for direct appeal to the Third Circuit. Moreover, the question that the Trustee asks this Court to certify—whether the convertible debenture at issue is a "security" within the meaning of 11 U.S.C. § 510(b) ("Section 510(b)")—is not yet ripe for appellate review. As the Court made abundantly clear to the parties, because it requires a more complete factual record to be developed in the adversary proceeding, the Court has not made a ruling on this issue.

The Trustee now seeks to bypass that fact finding process entirely and have the Third Circuit make the determination without a trial to resolve the disputed facts, on the strength of the suggestion that the meaning and import of ambiguous language and disputed underlying facts can be decided as matter of law under a mechanical reading of Section 510(b) that has twice been

1

explicitly rejected by this Court. The Trustee seeks this relief despite citing no authority from any jurisdiction that treats the issue as anything but a mixed question of law and fact. The Reconsideration Order[2] does not present any of the criteria for direct appeal set forth in Section 158(d)(2)(A). In fact, in denying the Trustee's motion for reconsideration, this Court has already made a number of findings as to the lack of these criteria in this case. The Trustee's motion for certification of a direct appeal to the Third Circuit should thus be denied.

## RELEVANT BACKGROUND

### A.     The Bankruptcy Proceedings and Discover's Debenture

On February 17, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, thereby commencing the underlying bankruptcy proceedings. (Bankr. No. 19-13273 (VFP) ("Bankr."), Dkt. No. 1.) Discover[3] is the senior secured lender of Immune. Discover and Immune are parties to a certain $5.5 million face amount Senior Secured Redeemable Convertible Debenture ("Debenture"), which was issued pursuant to a Securities Purchase Agreement, a Grant of Security Interest Agreement in United States Patents and Trademarks, and related documents and instruments, all dated October 9, 2018 (collectively, the "Debt Documents"). (Adv. Pro. No. 19-02033 (VFP) ("Adv. P."), Dkt. No. 9-4.) On June 12, 2019, Discover filed proof of claim number 37-1, which has since been amended (the "Claim"). (Bankr., Dkt. No. 530.)

---

[2] Although the Trustee has designated the Reconsideration Order as the order from which a direct appeal is sought, the analysis (and outcome) on this Motion would be the same if viewed as a motion for direct certification from the underlying order denying partial summary judgment. As the Court is well aware, its reasoning in denying both motions was in large part the same – *i.e.*, premised on factual issues and mixed questions of law of fact that demand a more complete record.

[3] Discover is not "a Cayman Islands limited liability company", as the Trustee states (Motion at 3, ¶ 2), but rather a U.S. Virgins Island LLC. (Adv. P., Dkt. No. 13-5.)

On July 1, 2019, the Debtors and the Official Committee of Unsecured Creditors (the "Committee") filed an adversary complaint against Discover (the "Adversary Proceeding"). (Adv. P., Dkt. No. 1.) The Eighth Count of the fourteen-count complaint seeks the subordination of Discover's Claim pursuant to Section 510(b) to the same priority of claims of holders of common stock. (*Id.*)

### B.    The Court Denies the Debtors' Motion for Partial Summary Judgment

On February 27, 2020, the Debtors and the Committee filed a motion for partial summary judgment against Discover, seeking a declaratory judgment subordinating Discover's claim pursuant to Section 510(b) (the "Motion for Partial Summary Judgment"). (Adv. P., Dkt. No. 13.) In support of that motion, the Debtors and the Committee argued that, as a matter of law, the Debenture issued by Immune to Discover is a "security" for purposes of Section 510(b) subordination.[4] (*Id.*) At a hearing conducted on April 1, 2020, the Court denied the Motion for Partial Summary Judgment and entered an order to that effect on April 20, 2020. (Adv. P., Dkt. No. 32, Transcript of Hearing on Motion for Partial Summary Judgment ("SJ Tr.").) Of particular note, the Court's decision was predicated on findings that (i) the Section 510(b) legal authorities relied upon by the Debtors and Committee were distinguishable, (ii) the holding of *In re Mobil Tool Int'l, Inc.*, 306 B.R. 778 (Bankr. D. Del. 2004), was apposite and supported a finding that the Debenture was not a security for Section 510(b) purposes, and (iii) that myriad factual disputes exist that precluded entry of summary judgment. (*Id.*)

---

[4] Section 510(b) provides in pertinent part that "[f]or the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or an affiliate of an affiliate of the debtor, [or] for damages arising from the purchase of sale of such a security . . . shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security. . . ."

3

### C. The Trustee is Appointed, and His Motion for Reconsideration Is Denied

On April 2, 2020, the Court entered an order converting the Debtors' bankruptcy case from Chapter 11 to Chapter 7 and appointed the Trustee the following day to serve as Chapter 7 Trustee for the Debtors' bankruptcy estates. (Bankr., Dkt. Nos. 400, 401.) On May 4, 2020, the Trustee filed a motion for reconsideration of the Court's order denying the Motion for Partial Summary Judgment, premised on the same arguments advanced by the Debtors and Committee that the Debenture is a "security" under Section 510(b) (the "Motion for Reconsideration"). (Adv. P., Dkt. No. 40.)

During a hearing conducted on June 23, 2020, the Court denied the Trustee's Motion for Reconsideration. Observing that the Trustee had raised "the same arguments [as in the Motion for Partial Summary Judgment Motion], without the histrionics," (Transcript of Hearing on Motion for Reconsideration, attached as Exhibit A to Trustee's Motion for Certification of Direct Appeal ("Rec. Tr.") 18:14-15), the Court reasoned in relevant part as follows:

> So I'm really denying the motion for the same reasons I denied it before, and that's because I find that there are there are disputed issues of material fact and law, really, disputed issues of law as to whether – it's really a mixed question as to some of these things as to fact and law as to whether the note -- whether the debenture is a security as denied [sic – should be "defined"] in 101(49) and 510(b) and intended to reach that ¬ intended to reach this type of transaction where there is a senior secured subordinated debenture.

(Rec. Tr. at 45:15-23); (Rec. Tr. at 47:4-5) ("[M]ixed questions of fact and law are sufficient for me to deny the motion for reconsideration."). The Court made clear, however, that it had not yet decided whether the Debenture is a "security" for purposes of Section 510(b), and explained that the parties need to develop a better factual record for the Court to address and resolve the question. (Rec. Tr. at 27:10-14) ("I didn't find that this is not a security. I didn't find that at all. I found that -- I found that it might be, and it might not be for purposes of 510. That's what I found. I found there were issues of fact, and I feel like I really need to emphasize that . . . ."); (Rec. Tr. at 30:15-

4

17) ("I need to get a better record on this because I think there are factual issues as to what the transaction was and was intended to be"); Rec. Tr. at 37:21-25) ("I think both sides kind of take the position that I ruled on the issue, and I haven't, because I'm not comfortable ruling on it, because there's facts in my mind that go both ways, and some more significant than others."). On July 10, 2020, the Court entered an Order denying the Trustee's Motion for Reconsideration. (Adv. P., Dkt. No. 52.) This motion for certification of a direct appeal to the Third Circuit follows.[5]

## LEGAL ARGUMENT

Section 158(d)(2)(A), enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), permits the direct appeal of a bankruptcy court order to the federal court of appeals if one or more specified statutory criteria are satisfied. Section 158(d)(2)(A) provides, in relevant part, that the "court of appeals shall have jurisdiction" if the bankruptcy court certifies that the order being appealed involves: (1) "a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States"; (2) "a matter of public importance"; (3) "a question of law requiring resolution of conflicting decisions"; or (4) a circumstance in which an immediate appeal "may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A)(i)-(iii). If certified, "the Court of Appeals, in the exercise of its discretion, will determine whether to accept the appeal." *In re Millennium Lab Holdings II, LLC*, 543 B.R. 703, 708 (Bankr. D. Del. 2016).

As detailed below, none of the criteria for direct appeal set forth in Section 158(d)(2)(A) are satisfied here. The Reconsideration Order does not (1) involve a "question of law" within the

---

[5] On July 24, 2020, the Trustee also filed a motion for leave to appeal the Reconsideration Order, which is presently pending in the U.S. District Court for the District of New Jersey (Civ. No 20-9469 (CCC)). On August 7, 2020, Discover filed a brief in opposition to the Trustee's motion for leave to appeal. (Civ. No. 20-9469, Dkt. No. 2.)

meaning of Section 158(d)(2)(A)—whether "as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" or one "requiring resolution of conflicting decisions"; (2) involve a matter of public importance; or (3) involve a circumstance in which an immediate appeal will serve to materially advance the progress of this proceeding.

## I. THE RECONSIDERATION ORDER DOES NOT INVOLVE A PURE QUESTION OF LAW.

### A. The Reconsideration Order Does Not Involve a Pure Question of Law, But Rather a Mixed Question of Fact and Law That is Not Appropriate For Direct Appeal.

"Congress intended [Section 158(d)(2)(A)] to facilitate [the court of appeals'] provision of guidance on pure questions of law." *Weber v. United States*, 484 F.3d 154, 158 (2d Cir. 2007). For that reason, courts in the Third Circuit have uniformly concluded that "mixed questions that implicate the particular circumstances of th[e] case . . . are not pure legal questions warranting direct certification." *In re Am. Home Mortg. Inv. Corp.*, 408 B.R. 42, 43–44 (D. Del. 2009) (citing *Weber*, 484 F.3d at 158 (observing that Congress believed direct appeal would be most appropriate for issues involving pure questions of law, not for questions "heavily dependent on the particular facts of a case")); *In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del. 2012) ("The issue concerning how this Court measured materiality is not a pure legal issue; it is not appropriate for direct appeal."); *In re 15375 Mem'l Corp.*, No. 06-10859 (KG), 2008 WL 2698678, at *1 (D. Del. July 3, 2008) (finding a "pure question of law has not been stated" and that "factual issues preclude a direct appeal" where appeal was sought from decision not to dismiss cases under Section 1112(b)).[6]

---

[6] Decisions from other jurisdictions are in accord. *See In re Dutkiewicz*, 403 B.R. 472, 475 (B.A.P. 6th Cir. 2009) (denying motion for certification of direct appeal and observing that issue was "not purely a question of law" where trustee's argument was that the bankruptcy court erred "in

6

Such is the case here. Indeed, the Court could not have been clearer that the Trustee's Motion for Reconsideration, like the Motion for Partial Summary Judgment that preceded it, presented a mixed question of fact and law that was not yet ripe to be resolved. The Court explicitly made that finding on the record and denied the Trustee's Motion for Reconsideration on that basis:

> So I'm really denying the motion for the same reasons I denied it before, and that's because I find that there are there are *disputed issues of material fact and law*, . . . it's really a *mixed question as to some of these things as to fact and law* as to whether . . . the debenture is a security as denied [sic – should be "defined"] in 101(49) and 510(b) and intended to reach . . . this type of transaction where there is a senior secured subordinated debenture.

(Rec. Tr. at 45:15-23); (Rec. Tr. 47:4-5) ("[*M*]*ixed questions of fact and law* are sufficient for me to deny the motion for reconsideration."); (Rec. Tr. 46:4-14) ("*There are factual issues* as to whether this instrument is a debt or a security, as contemplated by 510(b).") (emphases added).

Importantly, the Court further made clear that it had not yet ruled on the ultimate issue—whether the Debenture is a "security" for purposes of Section 510(b)—and needed the parties to develop a better factual record for the Court to address and resolve the question. (Rec. Tr. at 27:10-14) ("I didn't find that this is not a security. I didn't find that at all. . . . I found that it might be, and it might not be for purposes of 510. That's what I found. I found there were issues of fact, and I feel like I really need to emphasize that . . . ."); (Rec. Tr. at 30:15-17) ("I need to get a better record on this because I think there are factual issues as to what the transaction was and was

---

applying a case-by-case approach to the issue" sought to be appealed); *Mark IV Indus., Inc. v. New Mexico Env't Dep't*, 452 B.R. 385, 390 (S.D.N.Y. 2011) (denying motion for certification of direct appeal where resolution would "involve mixed questions of law and fact, rather than pure questions of law appropriate for a direct appeal."); *In re Abengoa Bioenergy Biomass of Kansas, LLC*, No. 16-10446, 2016 WL 3180587, at *1 (Bankr. D. Kan. May 26, 2016) ("Circuit court authority directly interpreting § 158(d)(2) is scant, but most courts addressing requests for certification conclude that direct appeals should be reserved for questions of law rather than questions that are factual or mixed.").

7

intended to be"); (Rec. Tr. at 30:7-11) ("this is an issue that I need to see what Mr. Fiorino says. I need to see what Mr. Rabin's deposition testimony was. I need to see what Mr. Kirkland says when he gets on the stand. Because, as I said, there's things that go both ways."); (Rec. Tr. at 31:6-17) ("I'm not comfortable deciding [the 510(b) issue] on a summary judgment motion");(Rec. Tr. at 37:21-25) ("I think both sides kind of take the position that I ruled on the issue, and I haven't, because I'm not comfortable ruling on it, because there's facts in my mind that go both ways, and some more significant than others.").

Through this Motion, the Trustee seeks to circumvent that process and instead have the Third Circuit resolve the same issue as a matter of law, recycling an argument that will not be unfamiliar to the Court—*i.e.*, "the determination of whether the Debenture here qualifies as a security under section 510(b) can be made based solely on the plain meaning of the statutory terms of the Bankruptcy Code" and without "assess[ing] any facts" (Motion at 12, ¶ 40.) But as this Court explained in rejecting that same argument twice before, Section 510(b) does not operate in a vacuum and the hyper-technical argument that the Trustee advances simply has no support in the law, policy or common sense. Indeed, no court has held that the issue the Trustee seeks to certify for direct appeal is anything but a mixed question of fact and law.[7] (Rec. 49:25-50:5) ("And so, notwithstanding . . . the invitation to reconsider my decision and that -- that the plain language of 101(49) and 510(b) requires me to automatically subordinate the claim of a convertible debenture holder, I . . . cannot so find, I cannot so rule. It doesn't -- frankly, it doesn't make any sense to me."); (Rec. Tr. 48:23 -49:7) ("But what I do want to emphasize here is that the Court's rationale

---

[7] Rather than explain again here why the cases upon which the Trustee relies do not support his "plain meaning" argument—and instead support the Court's conclusion that a factual predicate is needed to resolve the mixed Section 510(b) question—Discover refers the Court to its briefing in opposition to the Debtor's and Committee's Motion for Partial Summary Judgment and the Trustee's Motion for Reconsideration. (Adv. P, Dkt. Nos. 22, 40.)

8

is that the subordination of this claim as giving rise to damages under 510(b) could lead to the untenable result that any claim produced out of the corporate bond or debenture is automatically subordinated [to] the claims of other unsecured creditors given the [definition] of security. . . [i]n 101(49)(A). I do not believe Congress intended this result.") (quoting *In re Montgomery Ward Holding Corp.*, 272 B.R. 836, 844-45 (Bankr. D. Del. 2001)); (SJ Tr. at 15:25-16:6) ("510(b) doesn't mean just because it's within the definition of security, security includes a note . . . the definition of security includes the note and there's myriad cases that where a note is not subordinated under 510(b) even though it's a security. That's not. . . the proper analysis. You look at what the underlying transaction was . . . ."); (SJ Tr. at 40:2-4) ("I don't buy that every single convertible debenture is automatically subordinated under 510 which is what the argument is and I reject that argument."); (SJ Tr. at 19:1-5) ("you're asking me to disregard what the people who negotiated the deal said it was in favor of a very, very technical argument that it doesn't matter what they say under oath and it doesn't matter what they say in their securities filings, you've still got to subordinate it."); (SJ Tr. 40:18-21) ("I don't think this is in any way the type of transaction that automatically gets subordinated. I just don't, I just don't see it -- I don't see it. I can't grant it as a matter of law. I just can't."); (SJ Tr. 41:13-21) ("But this one wasn't converted and I just can't ignore that fact. I just can't, especially on a summary judgment motion where I'm giving all inferences in their favor. And I am not, as I said before, I know everybody's repeating themselves, but I'm just not prepared to hold that a convertible debenture that's secured is automatically subordinated under 510. That reads too much into 510, goes too far in my view on this date of the record.").

Accordingly, because the Reconsideration Order does not involve a pure legal question, but rather a mixed question of fact and law that this Court has not yet even resolved, direct appeal is unwarranted under Section 152(d)(2)(A)(i) or (ii).

> **B.    The Reconsideration Order Does Not Involve A Question of Law Requiring Resolution of Conflicting Decisions, Even if the Trustee's Second "Question" Is Considered**

Given that the Reconsideration Order does not involve a "question of law" within the meaning of Section 158(d)(2)(A), the Court need not consider whether the question is one "as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" or "requiring resolution of conflicting decisions". 28 U.S.C. § 152(d)(2)(A)(i)-(ii). The Trustee's argument as to the latter, however, merits brief discussion for two reasons.

First, the Trustee frames his argument regarding the "conflicting decisions" issue as involving not only the question that was the subject of the Motions for Partial Summary Judgment and Reconsideration—whether the Debenture is a "security" within the meaning of Section 510(b)—but also a second "question of law", amorphously described by the Trustee as "involving the general application of Section 510(b)." (Motion at 9, ¶ 33, 13-14, ¶ 46.) To the extent that is a discernable question at all, it is not a pure question of law for the same reasons discussed above – any "general application" necessarily involves application of the statute to a factual predicate which this Court has not yet ascertained. Moreover, this type of broadly phrased question is neither sufficiently linked to the Court's decision to be considered nor satisfies Federal Rule of Bankruptcy Procedure 8006(f)(2)'s requirement that the request for certification specify the precise question proposed to be certified. *See In re Am. Home Mortg. Inv. Corp.*, 408 B.R. at 43-44 ("issues that are not directly linked to the Bankruptcy Court decision, and appear to refer instead to broad legal topics which do not satisfy the Bankruptcy Rule requirement of specifically

identifying the issues in the Bankruptcy Court's decision that are subject to the appeal" do not warrant direct certification); *In re Revel AC*, *Inc.*, No. 14-22654 (GMB), 2015 WL 333341, at *4, n.4 (D.N.J. Jan. 23, 2015) (denying request for certification on where the appellant did "not specify the precise question proposed for certification, nor the exact question" as required by Federal Rule of Bankruptcy Procedure 8001(f)(3)(C) [now 8001(f)(2)]); *In re Hallwood Energy, L.P.*, No. 3:12-CV-1902-G, 2013 WL 524418, at *4, n.1 (N.D. Tex. Feb. 11, 2013) ("a broadly phrased 'question' is inappropriate for certification" and "[m]ere inconsistent application of a standard is not precise enough a 'question of law' . . . to certify for appeal to the circuit court.").

Second, "the question of the general application of Section 510(b)"—like "the more specific question of whether a convertible debenture is a security under section 510(b)"—is not, in any event, a question requiring resolution of conflicting decisions within the meaning of Section 158(d)(2)(A)(ii). (Motion at 13-14, ¶¶ 46-47.) In this regard, "section 158(d)(2) references conflicting decisions *within the same circuit*." *In re Millennium Lab Holdings II, LLC*, 543 B.R. at 714 (emphasis added); *In re Gen. Motors Corp.*, 409 B.R. 24, 29 (Bankr. S.D.N.Y. 2009) ("decisions from *outside* the Circuit are not a basis for § 158(d)(2) review") (emphasis in original). Here, the Trustee has identified in the Motion a single case from within the Third Circuit, *In re Mid-Am. Waste Sys., Inc.*, 228 B.R. 816 (Bankr D Del. 1999), that: (1) was never raised in connection with the Motion for Partial Summary Judgment or the Motion for Reconsideration, and (2) more importantly, is plainly not conflicting with the Reconsideration Order, as it addressed a different provision of Section 510(b)—the "reimbursement or contribution" language added via congressional amendment in 1984—in the context on very different facts—indemnification claims for liability and expenses incurred in connection with litigation. *In re Mid-Am. Waste Sys., Inc.*, 228 B.R. at 823-24.

11

Thus, certification for direct appeal is unwarranted under the "question of law" prongs of Section 152(d)(2)(A)(i) and (ii).

## II. THE RECONSIDERATION ORDER DOES NOT INVOLVE A MATTER OF PUBLIC IMPORTANCE.

"[C]ourts have interpreted the 'public importance' prong of 28 U.S.C. § 158(d)(2)(A)(i) narrowly." *In re Aerogroup Int'l, Inc.*, No. 17-11962 (CSS), 2020 WL 757892, at *5 (D. Del. Feb. 14, 2020). "To constitute an issue of 'public importance,' the issue on appeal must transcend 'the litigants and involve a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case.'" *In re Tribune Co.*, 477 B.R. at 472 ("public importance" prong not met where trustee argued that "enforcement of third-party contractual subordination rights is a matter of concern to the public markets") (quoting *In re Am. Home Mortg. Inv. Corp.*,, 408 B.R. at 44 ("public importance" prong not met where debtors argued that appeal was important to "both the public and the progress of its Chapter 11 case")).

The fact-dependent, convertible debenture-specific question that the Trustee seeks to certify for direct appeal is decidedly bereft of those transcendent qualities. Indeed, "an issue involving a mixed question of law and fact generally does not constitute a matter of public importance." *In re Aerogroup Int'l, Inc.*, 2020 WL 757892, at *5 ("Issues tied to the facts of a particular case generally do not 'transcend' the parties and advance the cause of jurisprudence to an unusual degree."). And, for similar reasons, "[a]n appeal that impacts only the parties, and not the public at large, is not 'a matter of public importance.'" *Id.* As the Court aptly put it: "This is a one-time transaction. It wasn't publicly traded. It was between two parties, and that's it. What does the investing public know or care about this?" (Rec. Tr. at 23:19-21); *see In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011) ("This is a private contract dispute that is not the type of 'matter of public importance' that is within the meaning of section 158(d)(2)(A)(i).");

12

*see also In re Gen. Motors Corp.*, 409 B.R. 24, 28 (Bankr. S.D.N.Y. 2009) ("Whether successor liability can be imposed in section 363 sales is hardly a trivial issue as a matter of bankruptcy law and policy, and undoubtedly it's important to the individual litigants concerned . . . But it's ultimately a matter of statutory interpretation and common law analysis" and thus does not rise to the level of an issue of "public importance"). Accordingly, the "public importance" prong of Section 158(d)(2)(A)(i) is plainly not present.

### III. AN IMMEDIATE APPEAL WILL NOT MATERIALLY ADVANCE THE PROGRESS OF THE ADVERSARY PROCEEDING.

Finally, certifying the Reconsideration Order for direct appeal will not serve to materially advance the progress of this case. "In determining whether to certify the appeal, the Court must determine whether there is anything 'extraordinary or urgent about this situation that recommends departing from the standard appellate process.'" *In re Aerogroup Int'l, Inc.*, 2020 WL 757892, at *4 (quoting *In re Conex Holdings*, 534 B.R. 606 (D. Del. 2015)). Here, there clearly is not.

To begin, the Reconsideration Order from which the Trustee seeks a direct appeal was addressed to a motion for *partial* summary judgment on a *single* count in the Trustee's fourteen-count adversary complaint. In other words, the adversary proceeding and bankruptcy cases will proceed regardless. *See In re Am. Home Mortg. Inv. Corp.*, 408 B.R. at 44 (immediate appeal would not materially advance the progress of the case because "American Home's underlying bankruptcy is proceeding regardless of this appeal"). Moreover, given the Court's emphasis on the absence of a sufficient factual record in denying both motions, any clarity that the Third Circuit provides on the applicable standard would not obviate the need for the Court to apply the facts of this case—once they are developed—to that standard. Given the current lack of an adequate factual record, even if appropriate, the Third Circuit would not have the record necessary to make

a ruling in the first instance. As a result, a remand for further proceedings and this Court's application of the facts would appear likely on this issue.

Finally, the Trustee's argument that "any determination by the District Court on the section 510(b) question — whether a reversal or an affirmance — is likely to be appealed"[8], and that "forcing the parties to litigate in the District Court when a subsequent appeal to the circuit is inevitable would only waste judicial resources and the Debtors' limited estate assets and cause unnecessary delay" (Mot. at 15, ¶ 53), has been categorically rejected. Indeed, "courts have routinely held that the desire to skip one appellate level is not grounds for certification under § 158(d)(2)(A)(ii)." *In re Aerogroup Int'l, Inc.*, 2020 WL 757892, at *4 ("[i]f the mere expectation of advancement to a circuit court was sufficient to establish material advancement, Section 158(d)(2)(A)[iii] would effectively eliminate the district court from the bankruptcy review process altogether.") (collecting authority); *In re Millennium Lab Holdings II, LLC*, 543 B.R. at 716-17 ("case law is clear that even the near certainty that this appeal will ultimately end up before the Third Circuit is not a basis on which to certify the order."). And for good reason: in enacting Section 158(d)(2)(A), Congress "did not wish . . . to privilege speed over other goals; indeed, speed is not necessarily compatible with our ultimate objective—answering questions wisely and well." *Weber*, 484 F.3d at 160.

Thus, certifying the Reconsideration Order for direct appeal will not serve to materially advance the progress of this case.

---

[8] It bears mention that the Trustee's suggestion that an appeal to the Third Circuit from any District Court decision on the Section 510(b) issue would be automatic ignores Section 158(d), which limits the Third Circuit's jurisdiction to final orders and those that are certified pursuant Section 158(d)(2). *See In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 278 (3d Cir. 2002) ("In the context of an appeal from the District Court reviewing a Bankruptcy Court decision, our own jurisdiction is prescribed by § 158(d).").

## **CONCLUSION**

For the reasons set forth above, Discover respectfully submits that the Trustee's motion for certification of a direct appeal to the Third Circuit should be denied.

Dated: August 11, 2020
       Newark, New Jersey

Respectfully submitted,

**GIBBONS P.C.**

By: s/ Dale E. Barney
    Dale E. Barney, Esq.
    David N. Crapo, Esq.
    One Gateway Center
    Newark, New Jersey 07102
    Telephone: (973) 596-4500
    Facsimile: (973) 596-0545
    dbarney@gibbonslaw.com
    dcrapo@gibbonslaw.com
    *Attorneys for Defendant*
    *Discover Growth Fund, LLC*