**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, N.J. 07039
(973) 597-9100
Jonathan I. Rabinowitz
Henry M. Karwowski
jrabinowitz@rltlawfirm.com
Attorneys for Jeffrey A. Lester,
  Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 19-13273 (VFP) |
| IMMUNE PHARMACEUTICALS, INC., *et al.*, | Chapter 7 |
| Debtors. | Jointly Administered |
| JEFFREY A. LESTER, CHAPTER 7 TRUSTEE FOR IMMUNE PHARMACEUTICALS, INC., *et al.*, | Adv. Pro. No. 19-02033 (VFP) |
| Plaintiff-Appellant, | Hearing Date: August 18, 2020 at 10:00 AM |
| v. | |
| DISCOVER GROWTH FUND, LLC, | |
| Defendant-Appellee. | |

**REPLY BRIEF OF JEFFREY A. LESTER, CHAPTER 7 TRUSTEE,
IN FURTHER SUPPORT OF MOTION FOR CERTIFICATION
OF DIRECT APPEAL TO THIRD CIRCUIT COURT OF APPEALS**

Jeffrey A. Lester, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Immune

Pharmaceuticals, Inc. ("Immune") and related debtors (collectively, the "Debtors"), and Appellant

and Plaintiff in the above-captioned proceeding, hereby submits this Brief (i) in further support of

his Motion for entry of an order granting certification of the direct appeal of this Court's "Order

Denying Trustee's Motion Pursuant to F.R.B.P. 9023 for Reconsideration of Order Denying Partial

Summary Judgment Under 11 U.S.C. § 510(b)" to the United States Court of Appeals for the Third

Circuit[1]; and (ii) in reply to the opposition of Defendant-Appellee Discover Growth Fund, LLC

("Appellee") to his Motion.  In further support of the relief sought, the Trustee respectfully states

as follows:

## PRELIMINARY STATEMENT

1.     The Trustee seeks certification of the direct appeal of this Court's recent Order

denying reconsideration of a previous Order denying partial summary judgment on the Trustee's

claim to subordinate Appellee's claim pursuant to Bankruptcy Code section 510(b).

2.     Appellee opposes the Motion on the grounds that the Order does not involve a

"pure" question of law, the Order does not involve a matter of public importance, and an immediate

appeal will not materially advance the progress of the adversary proceeding.  Opposition (ECF 62)

at 6-13.

3.     As set forth below, Appellee fails to rebut the Trustee's position that certification

is warranted on any of the following four grounds:

(i)     the Order presents a question of law as to which there is no controlling decision of

the Third Circuit or the Supreme Court: whether Appellee's convertible debenture

is a "security" under section 510(b);

(ii)    the Order involves a matter of public importance that should be clarified for the

parties, investors like the Appellee, courts, and the bar;

(iii)   the question of law at issue requires a resolution of conflicting decisions; or

---

[1] The Trustee incorporates herein the defined terms set forth in his Motion.

(iv)    an immediate appeal would not only materially advance the progress of the adversary proceeding and the Debtors' bankruptcy cases, it could effectuate the Trustee's objective in the adversary proceeding and effectively conclude the action and the cases.

Accordingly, the Trustee respectfully requests that this Court grant certification of the direct appeal of this Court's Order Denying Reconsideration to the Third Circuit.

## LEGAL ARGUMENT

### THIS COURT SHOULD CERTIFY THIS APPEAL FOR DIRECT REVIEW BY THE THIRD CIRCUIT.

4.      In opposition to the Trustee's Motion, Appellee raises the following arguments: (i) the Order Denying Reconsideration does not involve a "pure" question of law, but rather, a "mixed" question of fact and law that is not appropriate for direct appeal; (ii) the Order does not involve a question of law requiring resolution of conflicting decisions; (iii) the Order does not involve a matter of public importance; and (iv) an immediate appeal will not materially advance the progress of the adversary proceeding.  Opposition (ECF 62) at 5-6.

5.      As set forth in detail below, each of Appellee's arguments is insufficient to prevent certification of the appeal.

### I.      The Order Involves a Question of Law as to Which There is No Controlling Decision: Whether a Convertible Debenture Is a "Security" Under Section 510(b).

6.      In opposing the Trustee's position that the Order Denying Reconsideration involves a question of law as to which there is no controlling decision, Appellee argues that "the Trustee's Motion for Reconsideration, like the Motion for Partial Summary Judgment that preceded it, presented a mixed question of fact and law that was not yet ripe to be resolved."  Opposition (ECF 62) at 7.  Appellee adds that "the Court made clear that it had not yet ruled on the ultimate issue –

whether the Debenture is a 'security' for purposes of Section 510(b) – and needed the parties to develop a better factual record for the Court to address and resolve the question." Ibid. Appellee adds further that the Trustee "seeks to circumvent that process and instead have the Third Circuit resolve the same issue as a matter of law" and that this Court, in rejecting the Trustee's statutory argument twice before, found that "Section 510(b) does not operate in a vacuum and the [Trustee's] hyper-technical argument . . . simply has no support in the law, policy, or common sense." Id. at 8. See also id. at 2 (referring to Trustee's argument as "a mechanical reading of Section 510(b)").

7.      Appellee's position lacks merit. A "mixed question of fact and law" has both factual and legal elements. Guerrero-Lasprilla v. Barr, 140 S.Ct. 1062, 1069 (2020). Here, as the Trustee has already shown, the question for which he seeks certification – whether a convertible debenture is a "security" under sections 510(b) and 101(49) – involves simple statutory construction. Motion (ECF 60-1) ¶ 40. Hence, unlike the issue in each of the cases cited by the Appellee, which implicated the particular facts or circumstances of the case on appeal, Opposition (ECF 62) at 6, the question here can be resolved based solely on the language of the statute itself without regard to the facts of this particular case. Thus, the issue on appeal unquestionably presents a question of law. It follows that inasmuch as this Court proceeded nevertheless to consider and require more facts in connection with the question, and in the process deemed the question one of "mixed fact and law," it erred.[2]

8.      Moreover, in noting that this Court has rejected the Trustee's argument that the Debenture is a security based solely on the terms of section 510(b), Appellee acknowledges that this Court has *already* ruled that the Debenture is not a security as a matter of law. Opposition

---

[2] Alternatively, insofar as there is any doubt, the procedural issue of whether the section 510(b) question is a question of law or a mixed question of fact and law *itself* qualifies as a question of law for which certification is appropriate.

(ECF 62) at 8-9 (noting that this Court found that "the invitation to reconsider my decision and that . . . the plain language of 101(49) and 510(b) requires me to automatically subordinate the claim of a convertible debenture holder, I . . . cannot so find"; that "[the] rationale . . . that the subordination of this claim as giving rise to damages under 510(b) could lead to the untenable result that any claim produced out of the corporate bond or debenture is automatically subordinated [to] the claims of other unsecured creditors given the [definition] of security . . . . I do not believe Congress intended this result"; that "510(b) doesn't mean just because it's within the definition of security . . . . That's not . . . the proper analysis"; that "I don't buy that every single convertible debenture is automatically subordinated under 510 which is what the argument is and I reject that argument"; and that "I'm just not prepared to hold that a convertible debenture that's secured is automatically subordinated under 510.  That reads too much into 510" (quoting Motion (ECF 60-1) Exh. A at 49:25-50:5, 48:23-49-7; Apr. 1, 2020 Tr. (ECF 32) at 15:25-16:6, 40:2-4, 41:13-21); see also Apr. 1, 2020 Tr. (ECF 32) at 17:13-15 ("That doesn't automatically, that just doesn't mean therefore it's automatically subordinated."), 18:12-13 ("I don't agree with that.  That [argument that convertible debenture falls under section 510(b)] makes no sense to me."), 20:8-9 ("And so it's, to me, that's a different transaction than what was intended to be covered by 510."), 39-21-24 ("[T]hat's where I have the problem is that your argument is that a convertible debenture is automatically subordinated under 510 even if it's not converted and I have a big problem with that argument.").

9.      In fact, this Court expressly held: "I don't think this is in any way the type of transaction that automatically gets subordinated.  I just don't, I just don't see it – I don't see it.  I can't grant it as a matter of law."  Apr. 1, 2020 Tr. (ECF 32) at 40:18-21.  It is this legal question, which as noted requires no fact finding, that is in fact ripe for review by the Third Circuit.

10.     Next, insofar as this Court referred to the need for a "better factual record," it made such finding with respect to a different issue: whether the Debenture is a security as a matter of fact.  This Court need not address this issue, however, if the Third Circuit determines in the first instance that a convertible debenture is a security as a matter of law.  That is, if the Third Circuit reaches this result, then this Court will presumably find as a matter of course, and without any further development of the record, that the Debenture is a debenture under section 101(49), and in turn, a security under section 510(b).  Indeed, this Court has already implicitly found that the Debenture is a debenture for purposes of this analysis.  Motion (ECF 60-1) Exh. A at 49:1-2 (referring to "claim produced out of . . . debenture"), 50:2-3 (referring to "the claim of a convertible debenture holder"); Apr. 1, 2020 Tr. (ECF 32) at 40:2-3, 41:18-19 (referring to subordination of "convertible debenture").  Therefore, no hyper-technical" or "mechanical" analysis will be required.

11.     Finally, and perhaps most importantly, Appellee concedes that there is no controlling decision of the court of appeals or of the Supreme Court on the question.  Opposition (ECF 62) at 10 (arguing that "the Court need not consider" whether a controlling decision exists).

12.     Therefore, the Trustee satisfies the first requirement for certification of the direct appeal of the Order Denying Reconsideration.  This Court can grant certification on this basis alone.

## II.      The Order Involves a Matter of Public Importance.

13.     In opposing the Trustee's position that the Order Denying Reconsideration involves a matter of public importance, Appellee contends that an issue involving a mixed question of law and fact and an appeal that impacts only the parties, and not the public at large, are not matters of public importance.  Opposition (ECF 62) at 12-13.  Appellee adds that this Court noted at the most

6

recent hearing that the Debenture wasn't "publicly traded," and hence, questioned whether "the investing public know or care about this." Id. at 12 (quoting Motion (ECF 60-1) Exh. A at 23:19-21).

14.    Appellee is mistaken.  As set forth in Point I above, the question of whether a convertible debenture is a security under section 510(b) is a question of law, not a question of mixed law and fact.

15.    Moreover, as the Trustee has noted, Congress implemented the direct appeal procedure based on the "widespread unhappiness at the paucity of settled bankruptcy law precedent." Motion (ECF 60-1) ¶ 38 (quoting Idea Boardwalk, LLC v. Revel AC, Inc. (In re Revel AC, Inc.), 2015 WL 33341, at *1 (D.N.J. Jan. 23, 2015)); see also In re One2One Communs. LLC, 805 F.3d 428, 447 n.15 (3d Cir. 2015) ("The twin purposes of the provision were to expedite appeals in significant cases and to generate binding appellate precedent in bankruptcy, whose caselaw has been plagued by indeterminacy." (citing H.R.Rep. No. 109–31 pt. I, at 148 (2005), as reprinted in 2005 U.C.C.C.A.N. 88, 206)).

16.    Thus, the need to create binding precedent can serve as a basis for certification. See, e.g., Blausey v. U.S. Trustee, 552 F.3d 1124, 1131 (9th Cir. 2009) (exercising discretion to hear appeal over question of law because "the bankruptcy courts lack a clear precedent for interpreting CMI [current monthly income]" and "[a]lthough several bankruptcy courts and bankruptcy appellate panels have interpreted CMI and found that it is not defined by reference to the Internal Revenue Code, there are no circuit court decisions interpreting this provision" (footnote omitted)); Internal Rev. Serv. v. Davis, 2016 WL 3567039, at *2-3 (D.N.J. June 29, 2016) (certifying legal question for direct appeal because "there [was] no controlling decision from the Third Circuit on this question"); California Public Employees' Retirement System v. City of

Bernardino, Cal. (In re City of Bernardino, Cal.), 260 F.Supp.3d 1216, 1228 (C.D. Cal. 2013) (issuing certification of appeal because "[t]he Court agrees with the bankruptcy court that it would be helpful, in the absence of any binding authority construing section 109(c)(4) and section 921(c), for 'the Ninth Circuit [to] weigh[ ] in on these tricky definitions of desire and good faith'"); In re Stone Barn Manhattan LLC, 398 B.R. 359, 368 n.6 (Bankr. S.D.N.Y. 2008) ("This Court is willing to provide the certification required, as the bar, the clients it represents, and the courts within the Second Circuit would greatly benefit from a binding interpretation of § 365(d)(3).").

17.     Here, given the absence of any authority, whether settled or not, on the specific question of whether a convertible debenture is a security and the disagreement of courts on the general question pertaining to the interpretation of section 510(b), an appeal would not only help clarify the questions for the parties, others similarly situated, their attorneys, and the lower courts in this Circuit and elsewhere, but it would also in fact advance the cause of jurisprudence.

18.     Finally, this Court made its observation on the trade status of the Debenture in the context of a discussion on whether the Debenture constitutes a security under Securities Law. Motion (ECF 60-1) Exh. A at 23:13-21.  That issue is not on appeal, however, and hence, this Court's observation is not relevant here.  In any event, even if instruments like the Debenture are not necessarily available in a public market, they can be bought and sold, and thus, precedent on the question of law at issue here would provide more certainty to those engaged in the purchase and sale of convertible debentures.

19.     Therefore, the Trustee satisfies the second alternative requirement for certification of the direct appeal of the Order Denying Reconsideration.

### III.    <u>The Order Involves Questions of Law Requiring Resolution of Conflicting Decisions.</u>

20.     In opposing the Trustee's position that the Order Denying Reconsideration requires resolution of conflicting decisions, Appellee argues that the question of law regarding section 510(b) requires a "factual predicate which this Court has not yet ascertained" and that the question is "neither sufficiently linked to the Court's decision . . . nor satisfies [Rule] 8006(f)(2)'s requirement that the request for certification specify the precise question proposed to be certified." Opposition (ECF 62) at 10.  Appellee adds that section 158(d)(2) requires "conflicting decisions within the same circuit." <u>Id.</u> at 11.  Finally, Appellee maintains that the <u>Mid.-Am.</u> decision, from the District of Delaware, does not give rise to a conflict with this Court and hence in this Circuit because (i) it was never previously raised and (ii) it addressed a different provision of section 510(b) and "very different facts – indemnification claims for liability and expenses incurred in connection with litigation."  <u>Ibid.</u> (citing <u>In re Mid-Am. Waste Sys., Inc.</u>, 228 B.R. 816, 825 (Bankr. D. Del. 1999)).

21.     This argument is unfounded.  Most fundamentally, as noted in Point I above, a "factual predicate" is not required for a legal question involving statutory construction.  Also, Appellee does not contest that this Court observed that other courts have reached contradictory conclusions on section 510(b) generally or that this Court disagreed with at least one other court on the more specific question of whether a convertible debenture is a security under section 510(b). Motion (ECF 60-1) ¶¶ 46-47 (noting disagreements among courts).  Thus, it strains credulity to suggest that these questions are somehow not "linked," sufficiently or otherwise, with this Court's decision.  Further, the questions specifically pertain to section 510(b); hence, they are not, to use Appellee's terminology, Opposition (ECF 62) at 10, "broad legal topics" too imprecise for certification.

22.     What is more, contrary to Appellee's interpretation, section 158(d)(2) refers only to "conflicting decisions" generally; it says nothing of "conflicting decision within the same circuit."  At the same time, the Third Circuit has not imposed such a requirement.  Hence, a conflict among courts in the country satisfies the statute.  See, e.g., In re Amaravathi Ltd. P'ship, 2009 WL 2342749, at *1 (S.D. Tex. July 29, 2009) (granting request for certification of direct appeal because "[t]he Bankruptcy Court's holding in the case on appeal is in conflict with a decision by the Third Circuit"); In re Blue Stone Real Estate, Constr. & Dev. Corp., 396 B.R. 555, 561 (M.D. Fla. 2008) (certifying order for direct appeal because "the decisions within the United States addressing the issues presented in the CRO Order are in conflict").  Thus, here, the splits of courts noted above are sufficient to meet the "conflicting decisions" element.

23.     Last, Appellee cites no authority supporting its proposition that the Trustee is somehow precluded from relying on the Mid-Am. decision, especially now on a Motion for Certification which does not require a determination on the merits.  In addition, inasmuch as the Mid-Am. Court broadly interpreted the plain meaning of section 510(b) to apply to both equityholders and debtholders and thus held that it required the subordination of both shareholder and noteholder claims, 228 B.R. at 823-29, the Mid-Am. decision directly conflicts with the decision here, in which this Court narrowly construed section 510(b) and refused to subordinate Appellee's claim based solely on the clear terms of the statute.  Thus, insofar as section 158(d)(2) requires a conflict in decisions within the same circuit, this Court's disagreement with the reasoning of the Mid-Am. Court qualifies.

24.     Thus, the Trustee satisfies the third alternative requirement for certification of the direct appeal of the Order Denying Reconsideration.

**IV.    An Immediate Appeal Would Materially Advance the Progress
of the Adversary Proceeding and the Bankruptcy Cases.**

25.    In opposing the Trustee's position that an immediate appeal would materially advance the progress of this proceeding and the Debtors' cases, Appellee raises the following arguments: (i) the adversary proceeding and bankruptcy cases will proceed regardless; (ii) any clarity provided by the Third Circuit on the applicable standard would not obviate the need for this Court to apply the facts of this case to that standard; (iii) the Third Circuit will not have the record necessary to make a ruling in the first instance; and (iv) "the desire to skip an appellate level" is not grounds for certification.  Opposition (ECF 62) at 13-14.

26.    Each of these arguments fails to withstand scrutiny.  First, Appellee is unable to refute the Trustee's point that a decision in his favor on the section 510(b) count would effectively fulfill the Trustee's objective in this adversary proceeding.  Motion (ECF 60-1) ¶¶ 50-52.  As this Court has recognized: "And just success on the 510(b) would be enough to deny [Appellee's] claim in its entirety."  Motion (ECF 60) Exh. A at 68:3-4.  Thus, reversal on appeal may ultimately render the litigation of the remaining counts unnecessary.

27.    Second, as noted in Point I above, this Court has already implicitly found that the Debenture is a debenture for purposes of the section 510(b) analysis.  Therefore, if the Third Circuit certifies a direct appeal and determines in the first instance that a convertible debenture is a security as a matter of law, then this Court would have no need to develop or apply facts.  Instead, it would presumably find in the Trustee's favor on the section 510(b) count on the basis that the Debenture is a debenture, and hence, a security under that section.

28.    Third, again, as set forth above in Point I, this appeal involves a strict question of statutory construction.  Hence, the Third Circuit does not require a record to resolve the question.

29.     Next, the Trustee already otherwise satisfies the standard for certification under this prong; thus, the Trustee cites the inevitability of an appeal to the Third Circuit as simply an additional and not the sole reason for certification.[3]

30.     Finally, this Court, in order to certify the direct appeal, need not make a definitive finding on this factor; instead it need only find that the appeal *may* materially advance the progress of the proceeding and cases.  For the reasons set forth above, the Trustee easily satisfies this standard.

31.     Accordingly, even though the Trustee need satisfy only one of the criteria, he satisfies all four criteria for certification.  It follows that certification of the direct appeal of the Order Denying Reconsideration to the Third Circuit is not only warranted, it is mandatory.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that this Court grant (i) his Motion; and (ii) such other and further relief as may be just and proper.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
Attorneys for Jeffrey A. Lester, Chapter 7 Trustee


By:___/s/ Jonathan I. Rabinowitz_____
        JONATHAN I. RABINOWITZ

Dated:  August 14, 2020

---

[3] In a footnote, Appellee mentions that section 158(d) limits the Third Circuit's jurisdiction to final orders and those certified for direct appeal.  Opposition (ECF 62) at 14 n.8.  The Trustee does not dispute this principle; he reserves the right to argue if necessary, however, that any order entered by the District Court will be final for purposes of section 158(d), especially in light of the Third Circuit's traditionally pragmatic view of finality of orders in bankruptcy cases.  Alternatively, the Trustee can seek to appeal any District Court order under 28 U.S.C. § 1291.  In re Armstrong World Indus., Inc., 432 F.3d 507, 511 (3d Cir. 2005) ("Although Appellee UCC contends that we cannot hear this appeal because it involves an interlocutory order rather than a final order, we find jurisdiction after considering [certain] factors. . . . Because we find jurisdiction under 28 U.S.C. § 1291, we will not address whether we also have jurisdiction under 28 U.S.C. § 158(d).").