| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>GIBBONS P.C.<br>Dale E. Barney<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: dbarney@gibbonslaw.com<br>*Counsel for Discover Growth Fund, LLC* | |
| **In re:**<br><br>IMMUNE PHARMACEUTICALS, INC., *et al.*,[1]<br><br>**Debtor.** | Chapter 11<br><br>Case No. 19-13273 (VFP)<br><br>(Jointly Administered) |
| JEFFREY A. LESTER, CHAPTER 7 TRUSTEE FOR IMMUNE PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER GROWTH FUND, LLC,<br><br>Defendant. | Adv. Proc. No.: 19-02033<br><br><br>**Hearing Date:  March 9, 2021 at 10 a.m. ET**<br><br>**Response Deadline:  March 4, 2021** |

**OBJECTION OF DISCOVER GROWTH FUND, LLC TO TRUSTEE'S MOTION FOR STAY OF PROCEEDINGS, OR IN THE ALTERNATIVE, FOR STAY OF DISCOVERY AND ADJOURNMENT OF TRIAL DATE**

---

[1] The "**Debtor**s" in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630).  The lead debtor is Immune Pharmaceuticals, Inc..

-1-

Defendant Discover Growth Fund, LLC ("Discover") submits this objection to the motion of Chapter 7 trustee Jeffrey A. Lester for an indefinite stay of the captioned adversary proceeding ("Adversary"), or in the alternative, for a stay of discovery and adjournment of the trial date ("Motion" [Doc 78]) and states the following:

1. This Court converted these bankruptcy cases to chapter 7 and directed the appointment of a Chapter 7 trustee on April 1, 2020. On April 3, 2020, Jonathan Lester, Esq. was appointed as Chapter 7 trustee ("Trustee"), and was thereafter was substituted as plaintiff in the Adversary.

2. The Motion seeks to stay the Adversary pending the United States District Court's ("District Court") resolution of certain appellate matters arising from this Court's denial of the Trustee's futile efforts to obtain reconsideration of the summary judgment motion filed by the Debtors and the Official Committee of Unsecured Creditors ("Committee") on the 11 U.S.C. § 510(b) subordination claim [Doc 13]. As this Court stated repeatedly during the arguments on that motion and on the Trustee's motion for reconsideration [Doc 40], and as set forth in Discover's brief in opposition to that motion [Doc 42], a multitude of factual issues exist that preclude the entry of summary judgment. Plainly stated, this Court does not buy the argument that every convertible debenture is automatically subordinated under 11 U.S.C. § 510(b). Accordingly, the Trustee's various appellate efforts on the subordination issue are doomed to failure. For the reasons set forth below, the Motion should be denied.

3. The Debtors and the Committee filed the Adversary by an Adversary Complaint dated July 1, 2019. Discover filed an Answer and Affirmative Defenses on August 2, 2019. In resolution of Discover's Rule 11 demand made of the Trustee, he filed an Amended Adversary

Complaint dated October 26, 2020 which eliminated a number of the most ludicrous claims made by the Debtors and the Committee in the original complaint. On November 16, 2020, Discover filed its Answer and Affirmative Defenses to the Amended Adversary Complaint.

4. The Motion is nothing more than an unwarranted delaying tactic by the Trustee. The Trustee has sued Discover, not the other way around, and basic fairness and due process principles demand that a plaintiff not be permitted to delay litigation that it instituted to the prejudice of a defendant.[2] With the passage of time, witnesses' memories fade, evidence grows stale, and litigants grow fatigued. The Adversary must be tried in order for these chapter 7 cases to be administered and closed. No reason exists to delay discovery and trial in this action.

5. The appellate process could take many months if not years to resolve, and the Adversary has been pending for more than a year and a half. Discover is entitled to proceed with discovery with a view to getting to trial in a reasonable time frame. The Trustee is essentially asking the Court to delay this litigation indefinitely.

6. The witnesses, such as Tony Fiorino and the Debtors' former board of directors, have no stake in these chapter 7 cases. Gary Rabin died in late 2019. Any further delay, much less the indefinite stay sought by the Trustee, prejudices Discover due to the real risk of the loss of evidence.

8. The Motion recites this Court's statements in the prior motion practice discussed above that the 11 U.S.C. § 510(b) claim has merit. When read fairly, those statements described the perceived merit of that claim ***for trial***, where the Court can assess the credibility of

---

[2] The Trustee is engaged in myriad vexatious litigation in a vain effort to overturn this Court's denial of summary judgment on the 11 U.S.C. § 510(b) subordination claim where that claim clearly does not meet the summary judgment standard. That effort is ongoing in both this Court and the District Court. The Motion is only the latest salvo in this attempted war of attrition. Enough is enough – should the Trustee persist in these unwarranted efforts to frustrate Discover's right to a resolution, Discover intends to seek sanctions.

witnesses' testimony and have a plenary hearing on the merits, and **_not_** for purposes of the protracted summary judgment applications that are now on appeal.

9. As to the authorities cited in the Motion, the most salient is *Kaul v. Christie,* 2020 WL 967886, at *3 (D.N.J. Feb. 28, 2020), wherein the District Court observed that "[i]n all situations, courts must remain 'mindful that the stay of a civil proceeding constitutes 'an extraordinary remedy.''" (quoting *Akishev v. Kapustin*, 23 F. Supp. 2d. 440, 445 (D.N.J. 2014), in turn quoting *Walsh Sec. Inc. v. Cristo Prop. Mgmnt. Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998).)

10. The factors of judicial economy, hardship and prejudice discussed in *Kaul* all militate in favor of denial of the Motion. Discover will continue to be prejudiced by further delays of this litigation due to the potential loss of evidence and witnesses. The Trustee benefits from such loss, as his rote approach to 11 U.S.C. § 510(b) subordination – which is contrary to the nuanced factual analysis engaged in by prior courts in adjudicating this issue - would benefit from a degraded factual record upon which the Court can assess the intent of the parties in entering into the 2018 loan transaction. Moreover, judicial economy is served by expeditiously moving the Adversary to trial. Indefinite delay while the Trustee's frivolous attempt to obtain summary judgment on the subordination claim at the appellate level means that these bankruptcy cases will linger in chapter 7, just as the cases lingered in chapter 11 before conversion.

11. The Trustee's cases are likewise factually distinct from the facts before this Court. In *Azizbayev v. Transworld Sys., Inc.,* 2019 WL 2234502, at *1-2 (D.N.J. May 23, 2019), the court stayed the litigation on the basis of judicial economy because the Third Circuit was on the cusp of resolving conflicting District Court decisions as to whether the language of

debt collection letters from collection agents complied with the Fair Debt Collections Practices Act.  No such imminent Third Circuit decision is in the offing here.  If anything, a Third Circuit decision on 11 U.S.C. § 510(b) subordination is years away.

12. *Lupian v. Joseph Cory Holdings, LLC*, 2017 WL 1483313 (D.N.J. Apr. 24, 2017), unlike this case, involved the District Court's certification of an appeal of an interlocutory order to the Third Circuit.  In contrast, this Court denied the Trustee's application for direct certification.  *Halprin v. Verizon Wireless Servs. LLC*, 2008 WL 11510572 (D.N.J. Aug. 25. 2008) involved a "temporary pause" (Motion, p. 8) in the litigation.  Much to the contrary, the Motion seeks an indefinite stay.

13. In sum, nothing is served by staying the Adversary beyond the Trustee's and his counsel's desire to reduce chapter 7 administrative expense in preparing for trial.  That desire does not meet the burden of establishing cause for the extraordinary remedy of the stay sought.  The Trustee sued Discover, and if he seeks to eliminate the cost of that endeavor, he is free to dismiss the Amended Complaint.  Short of that, the Trustee is obligated to litigate.

**WHEREFORE**, Discover respectfully requests that this Court deny the Motion and enter a scheduling order in the Adversary setting a discovery and trial schedule so that this matter may be resolved on an expeditious basis.

Dated: March 4, 2021

                                                          **GIBBONS P.C.**

By: _____
            Dale E. Barney

*Counsel for Discover Growth Fund, LLC*