**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Jonathan I. Rabinowitz
Barry J. Roy
Attorneys for Jeffrey A. Lester,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>IMMUNE PHARMACEUTICALS INC., *et al.*,<br><br>           Debtors. | Case No. 19-13273 (VFP)<br><br>Chapter 7<br><br>Jointly Administered |
| JEFFREY A. LESTER, CHAPTER 7 TRUSTEE FOR IMMUNE PHARMACEUTICALS, INC., *et al.*,<br><br>           Plaintiff,<br><br>v.<br><br>DISCOVER GROWTH FUND, LLC,<br><br>           Defendant. | Adv. Pro. No. 19-02033 (VFP)<br><br>Oral Argument Requested<br><br>Hearing Date: June 15, 2021 at 10:00 A.M. |

**APPLICATION IN SUPPORT OF MOTION OF JEFFREY A. LESTER,
CHAPTER 7 TRUSTEE, FOR EXTENSION OF DISCOVERY DEADLINES**

Jeffrey A. Lester, Chapter 7 Trustee (the 'Trustee") for the bankruptcy estates of Immune Pharmaceuticals, Inc. ("Immune") and related debtors (collectively, the "Debtors"), and Plaintiff in the above-captioned adversary proceeding, hereby submits this Motion for entry of an order extending the current fact and expert discovery deadlines by sixty (60) days in the within

1

adversary proceeding. In support of the relief sought, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. As this Court is aware, on March 19, 2021, it entered an Order Denying Motion for Stay of Proceedings or Stay of Discovery and Scheduling Pre-Trial Proceedings and Trial (the "Stay Denial Order). Pursuant to the terms of the Stay Denial Order, the Court provided for a scheduling order that set June 17, 2021, as the deadline for the completion of fact discovery in the within adversary and August 16, 2021, as deadline for the completion of expert discovery (collectively, the "Deadlines"). Through the within motion, the Trustee, pursuant to Fed.R.Civ.P. 16(b)(4) and Fed.R.Bank.P. 7016(b)(4), seeks an extension of the Deadlines so that he can participate in a mediation in a related District Court action with, among others, Discover Growth Fund, LLC ("Discover"), which is contemplated to take place in June or July, that could result in a global settlement. The Trustee submits that the granting of this motion, pending resolution of the mediation, could reduce if not prevent potentially unnecessary litigation, conserve judicial resources, and save time and expense. Accordingly, the Trustee respectfully requests that this Court grant his Motion.

## STATEMENT OF FACTS

**Background**

2. On February 17, 2019, Immune filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Petition (Bankr. ECF 1). Each of the remaining Debtors, which are subsidiaries of Immune, filed its own petition soon thereafter.

3. On March 14, 2019, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' bankruptcy cases. Notice of Appointment of Official Committee (Bankr. ECF 49).

**The Debtors and the Committee File Complaint Against Discover;**
**this Court Denies Partial Summary Judgment.**

4. On July 1, 2019, the Debtors and the Committee filed against Discover an Adversary Complaint challenging the amount and classification of the obligation allegedly owed by Immune to Discover under a certain Securities Purchase Agreement and Debenture. Compl. (Adv. Pro. ECF 1).

5. On February 27, 2020, this Court entered a Joint Scheduling Order setting a deadline for completion of discovery subject to further extension and setting a trial date. Order (Adv. Pro. ECF 14).

6. On the same date, the Debtors and the Committee filed a Motion for Partial Summary Judgment as to the Eighth Count of the Adversary Complaint. Motion (Adv. Pro. ECF 13).

7. On April 1, 2020, this Court conducted a hearing and denied the Motion. Apr. 1, 2020 Tr. (Adv. Pro. ECF 32).

8. On April 2, 2020, this Court entered an Order converting the Debtors' bankruptcy cases to cases under chapter 7. Order (Bankr. ECF 400).

9. On April 3, 2020, the United States Trustee appointed the Trustee as Chapter 7 Trustee for the Debtors' bankruptcy cases. Notice of Appointment (Bankr. ECF 401).

10. On April 20, 2020, this Court entered an Order Denying Plaintiffs' Motion for Partial Summary Judgment. Order (Adv. Pro. ECF 37).

**This Court Denies the Trustee's Motion for Reconsideration.**

11. On May 24, 2020, the Trustee filed a Motion to substitute for the Debtors and the Committee as Plaintiff in the adversary proceeding against Discover. Motion (Adv. Pro. 39).

12. On the same date, the Trustee filed a Motion for Reconsideration of the Order

3

Denying Partial Summary Judgment. Order (Adv. Pro. ECF 40).

13. On June 23, 2020, this Court conducted a hearing on and denied the Trustee's Motion for Reconsideration.

**The Trustee Appeals from Order Denying Reconsideration.**

14. On June 29, 2020, this Court entered an Order Substituting Trustee for Debtors and Committee as Plaintiff Pursuant to F.R.B.P. 7025. Order (Adv. Pro. ECF 48).

15. On July 10, 2020, this Court entered an Order Denying the Trustee's Motion for Reconsideration. Order (Adv. Pro. ECF 52).

16. On July 24, 2020, the Trustee filed a Notice of Appeal from the Order denying the Trustee's Motion for Reconsideration. Notice of Appeal (Adv. Pro. ECF 54). Not only is the appeal now pending before the District Court in Civil Action No. 2:20-CV-09469-CCC, the appeal has been fully briefed.

17. On the same date, the Trustee filed a Motion for Leave to Appeal from the Order Denying Reconsideration. Motion (Adv. Pro. ECF 55). The Motion has since been transmitted to this Court and fully briefed. Transmittal of Record on Appeal to U.S. District Court (Adv. Pro. ECF 58).

18. On July 28, 2020, Trustee filed a Motion for Certification of Direct Appeal to Third Circuit Court of Appeals. Motion (Adv. Pro. ECF 60).

19. On August 18, 2020, this Court conducted a hearing and denied the Trustee's Motion for Certification. Aug. 18, 2020 Tr. (Adv. Pro. ECF 66).

20. On September 4, 2020, the Bankruptcy Court entered an Order Denying Motion for Certification of Direct Appeal to Third Circuit Court of Appeals. Order (Adv. Pro. ECF 68).

21. On September 8, 2020, the Trustee filed in the District Court a Motion

for Certification of Direct Appeal to the Third Circuit Court of Appeals or for Reconsideration of this Court's Order Denying Motion for Certification of Direct Appeal. Motion (Civ. Action 20-9469 ECF 8). That Motion has also been fully briefed.

**Trustee Files Motion to Stay Proceedings**

22.  On February 12, 2021, the Trustee, citing a variety of reasons, including, but not limited to, promoting judicial economy, as well as the time and resources of the parties, filed a Motion for Stay of Proceedings, or in the Alternative, for Stay of Discovery and Adjournment of Trial Date (Adv. Pro. ECF 78) (the "Stay Motion").

23.  In connection with the Stay Motion, the Trustee argued, among other things, that: (1) with only limited estate resources at his disposal, the estate would suffer hardship if he were forced to conduct expensive discovery and proceed to trial on the entire Complaint, which involves complex issues that, by virtue of the appeal, may ultimately be rendered unnecessary or irrelevant; (2) a stay would enable Discover to reduce its own litigation expense and avoid waste of time and resources; and (3) resolution of the pending appeal could resolve the proceeding in its entirety. Id.

24.  On March 19, 2021, the Court entered the Stay Denial Order (Adv. Pro. ECF 81).

25.  Pursuant to the terms of the Stay Denial Order, all fact discovery in the within adversary proceeding must be completed by no later than June 17, 2021. Id.

26.  Furthermore, pursuant to the terms of the Stay Denial Order, all expert discovery must be completed by August 16, 2021. Id.

27.  Lastly, paragraph 10 of the Stay Denial Order provides that "[t]he discovery deadlines set forth herein are subject to extension upon motion for good cause shown."

**Discovery to Date and Upcoming Mediation**

28. Given the pendency of the Deadlines, the Trustee has been making every reasonable effort to comply with the terms of the Stay Denial Order. For instance, the Trustee has been working with his own counsel, as well as special counsel in Israel, and Bederson, to compile and review hundreds of thousands of pages of records. These records, many of which are in languages other than English, include documents from a variety of sources, including: (1) documents maintained by the Eitan Erez, the Israel Trustee for Immune Pharmaceuticals, Ltd., both at his office, and in a virtual data room established to facilitate the sale of the Debtors' intellectual property; (2) physical records previously maintained by the Debtors in numerous banker boxes at a storage facility here in the United States; (3) records produced by the Debtors to Discover in connection with stay relief litigation early in the bankruptcy case; (4) records in possession of Debtors' counsel that have not been previously produced; and (5) records produced to the Debtors' and the Committee by Discover in connection with the previously mentioned stay relief litigation.

29. In addition to the above, the Trustee has also served a variety of paper discovery in this adversary proceeding, as well in the bankruptcy case. Specifically, on or about May 14, 2021, the Trustee served Discover with interrogatories and deposition notices for Mr. Kirkland and a representative of Discover designated pursuant to F.R.C.P. 30(b)(6).

30. Furthermore, on or about February 11, 2021, the Trustee served Subpoenas for Rule 2004 Examination (the "Subpoenas") seeking the production of documents and testimony on Anthony Fiorino ("Fiorino") and Daniel Teper ("Teper"), former officers and directors of the Debtors.

31. John Jureller, Esq., of Kledstadt Winters, has accepted service of the Subpoenas on behalf of Fiorino and Teper. At the request of Fiorino and Teper, due to the scope of the documents

requested and the availability of the witnesses, from time to time, the deadline for the production of documents and deposition dates have been adjourned.

32. As the Court is aware, certain of the Debtors' former Officers and Directors (the "Former D&Os"), including Fiorino and Teper, are defendants in an action brought by Discover, captioned <u>Discover Growth Fund, LLC v. Fiorino, et al.</u>, 20-351-CCC-AME (the "D&O Case"). The D&O Case is currently pending in the United States District Court for the District of New Jersey (the "District Court"). Pursuant to the terms of a Pre-Trial Schedule Order entered by the District Court on May 14, 2021, fact discovery in the D&O Case is to remain open through November 30, 2021.

33. Recently, Discover and the Former D&Os have agreed to mediate their differences. In recognition that the Trustee may be in a position to assert claims similar to those raised by Discover in the D&O Case, Discover and the Former D&Os invited the Trustee to participate in their mediation to be conducted in June or July of this year (the "Mediation"). He has agreed to participate in the mediation to realize upon his D&O claims and possibly use the Mediation resolve his claims with Discover. In connection with the Mediation, the Trustee and the Former D&Os have agreed to, among other things, adjourn the current Rule 2004 document production deadlines and the deposition dates for Fiorino and Teper until such time as the Mediation has concluded. Moreover, in recognition of the lack of funds in the Debtors' bankruptcy estates, the insurance carrier for the Former D&Os and Discover have agreed to cover all the costs

associated with the Mediation. Currently, the Trustee, Discover, and the Former D&Os are in the process of coordinating their respective calendars in order to schedule the Mediation.

34. On or about May 18, 2021, Discover issued written interrogatories to the Trustee and served the Former D&Os with deposition subpoenas seeking testimony and the production of documents.

35. Based on preliminary conversations with counsel for the Former D&Os, regarding their respective clients' ability, some of whom live outside the United States, to produce responsive documents and appear for deposition in response to the Subpoenas issued by the Trustee and the deposition subpoenas issued by Discover, it is <u>highly</u> unlikely that fact discovery will be completed by June 17, 2021.

## LEGAL ARGUMENT

## THIS COURT SHOULD EXTEND THE DEADLINES

36. The Trustee now seeks an extension of the current deadlines for fact and expert discovery in this adversary proceeding so that he can participate in the Mediation, which could result in a global settlement of all issues by and between the parties, including the issues currently pending in this matter.

37. Rule 16(b)(4) of the Federal Rules of Civil Procedure provide that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); Fed.R.Bankr.P. 7016(b)(4); <u>see also</u> <u>Harrison Beverage Co. v. Dribeck Importers, Inc.</u>, 133 F.R.D. 463, 469 (D.N.J. 1990); <u>Branch Banking & Trust Co. v. D.M.S.I., LLC</u>, 871 F.3d 751, 764 (9th Cir. 2017) (scheduling order may be modified only for good cause and with judge's

consent); Tesone v. Empire Mktg. Strategies, 942 F.3d 979, 988 (10th Cir. 2019) (good cause standard requires showing that deadlines cannot be met despite movant's diligent efforts).

38. According to a leading treatise, "trial courts have considerable discretion in determining what kind of showing satisfies [the] . . . good cause standard." 3 Moore's Federal Practice, § 16.14[1][b] (Matthew Bender 3d Ed. 2021); see also Hunt v. Brooks Run Mining Co., LLC, 51 F.Supp. 3d 627, 636 (S.D. W.Va. 2014) (court observed that diligence of the party seeking to modify is primary factor considered by the court).

39. Given the above, and taking into consideration the Trustee's efforts to date in this matter, as well as the bankruptcy case and other related proceedings, it is clear that good cause exists for the modification of the Deadlines.

40. As the Court is well aware, the Trustee and his counsel have, since his appointment, faced numerous time sensitive litigated matters, including this one, which include, *inter alia*, two appeals and a motion to withdraw the reference and prosecuting and consummating the sale of certain of the Debtors' assets.

41. Furthermore, recently, the Trustee and his counsel have been forced to deal with a host of unexpected issues occasioned by recent SEC filings, press releases and related communications in connection with the Debtors' cases. See Trustee Notice Regarding Recent SEC Filings, Press Releases and Related Communications (Bankr. ECF 633).

42. Additionally, due to the upcoming Mediation, extending the Deadlines makes sense and represents good cause based on a number of factors, including judicial economy, hardship, and lack of prejudice.

43. Here, each of the factors noted above militates in favor of extending the Deadlines. First, extending the Deadlines would in no way prejudice or present any tactical disadvantage

9

to Discover. In fact, on the contrary, for the reasons set forth above, an extension of the Deadlines would enable Discover to reduce its own litigation expense, avoid waste of time and resources and complete discovery which likely will not be completed by the June 17, 2021 deadline.

44. Second, the Trustee, with only limited estate resources at his disposal, would suffer hardship if he were forced to conduct expensive discovery, which involves complex issues that, by virtue of the Mediation, may ultimately be rendered unnecessary or irrelevant.

45. Further, counsel to Discover has indicated that his client will not consent to an extension of the Deadlines. Finally, although this Court entered a Joint Scheduling Order setting the Deadlines, it is clear that Trustee and Discover will not be able to complete discovery by the Deadlines.

46. Accordingly, for all of these reasons, including but not limited to, the pending Mediation, this Court should extend the Deadlines.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that this Court grant (i) his Motion; and (ii) such other and further relief as may be just and proper.

                                              **RABINOWITZ, LUBETKIN & TULLY, LLC**
                                              Attorneys for Jeffrey A. Lester, Chapter 7 Trustee

                                    By:   /s/ Barry J. Roy
                                              BARRY J. ROY