| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>GIBBONS P.C.<br>Dale E. Barney<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: dbarney@gibbonslaw.com<br>*Counsel for Discover Growth Fund, LLC* | |
| **In re:**<br><br>IMMUNE PHARMACEUTICALS, INC., *et al.*,[1]<br><br>**Debtor.** | Chapter 11<br><br>Case No. 19-13273 (VFP)<br><br>(Jointly Administered) |
| JEFFREY A. LESTER, CHAPTER 7 TRUSTEE FOR IMMUNE PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER GROWTH FUND, LLC,<br><br>Defendant. | Adv. Proc. No.: 19-02033<br><br>**Hearing Date: June 15, 2021 at 10 a.m. ET**<br><br>**Response Deadline: June 8, 2021** |

## OBJECTION OF DISCOVER GROWTH FUND, LLC TO TRUSTEE'S MOTION FOR EXTENSION OF DISCOVERY DEADLINES

Defendant Discover Growth Fund, LLC ("Discover") submits this objection to the motion of Chapter 7 trustee Jeffrey A. Lester for an overlong extension of the discovery

---

[1] The "**Debtor**s" in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Immune Pharmaceutical, Inc. (1431); Immune Pharmaceuticals, Ltd.; Cytovia, Inc. (7805); Immune Oncology Pharmaceuticals, Inc.; Maxim Pharmaceuticals, Inc. (9983); and Immune Pharmaceuticals USA Corp. (9630). The lead debtor is Immune Pharmaceuticals, Inc..

deadlines currently in place in the captioned adversary proceeding ("Adversary")("Motion" [Doc 83]) pursuant to the Court's Order Denying Motion for Stay of Proceedings or Stay of Discovery and Scheduling Pre-trial Proceedings and Trial dated March 19, 2021 [Doc 81] ("Scheduling Order") and states the following:

1. The Debtors' bankruptcy cases were filed in February 2019, almost 27 months ago. The Adversary has been pending since July 2019, for almost two full years. This Court converted these bankruptcy cases to chapter 7 and directed the appointment of a Chapter 7 trustee on April 1, 2020, over 14 months ago. On April 3, 2020, Jeffrey Lester, Esq. was appointed as Chapter 7 trustee ("Trustee"), and was thereafter was substituted as plaintiff in the Adversary, almost a year ago. The time has come to get the Adversary to trial, because Discover is entitled to a resolution of the Adversary and that resolution must be reached before the Trustee can administer the chapter 7 estates and close these cases. As the extensions sought by the Motion will inevitably delay trial, they are counterproductive to the goal of moving the Adversary and the chapter 7 cases to closure.

2. The Motion seeks to extend the current fact discovery end date of June 17, 2021 and the current expert discovery end date of August 16, 2021 by an unnecessary sixty days each. The Motion is governed by Fed. R. Civ. P. 16(b)(4), made applicable to the Adversary by Fed. R. Bankr. 7016. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." For the reasons set forth below, the Trustee does not demonstrate good cause for the sixty day extensions he seeks, particularly where the same will likely delay the scheduled October 20, 2021 trial date.

3. The Adversary was commenced by the Debtors and the Official Committee of Unsecured Creditors ("Committee") in July 2019. Following the Trustee's appointment, he was

substituted as plaintiff in the Adversary. The Debtors and the Committee filed the Adversary by an Adversary Complaint dated July 1, 2019. Discover filed an Answer and Affirmative Defenses on August 2, 2019. In resolution of Discover's Rule 11 demand made of the Trustee, he filed an Amended Adversary Complaint dated October 26, 2020 which eliminated a number of the most ludicrous claims made by the Debtors and the Committee in the original complaint. On November 16, 2020, Discover filed its Answer and Affirmative Defenses to the Amended Adversary Complaint.

4. The Motion recites the almost two year history of this adversary proceeding and the underlying chapter 11, and now 7, bankruptcy case. While long and accurate, that recitation does little to justify the relief requested by the motion: a two month delay in completing discovery and the unspoken, but inevitable delay of the October 20, 2021 trial of the Adversary. Due to scheduling issues of witnesses and counsel, it appears that the depositions of certain – primarily the Debtors' former directors and officers – will have to be conducted in July, but that can be accomplished without unnecessarily delaying expert discovery and trial preparation.

5. A tremendous amount of time has been consumed in the Trustee's litigation and relitigation of this Court's denial of the Debtors and the Committee's doomed "second summary judgment motion" on the critical issue of whether the Senior Secured Redeemable Convertible Debenture ("Debenture") at issue is a debt instrument until converted for purposes of the Trustee's 11 U.S.C. § 510(b) subordination claim. The Trustee continues his quixotic pursuit of this issue on a summary judgment standard, despite that fact that each of the three persons involved in the negotiation of the Debt Documents, John Kirkland, Tony Fiorino and Gary Rabin, have each testified under oath that the Debenture is debt until converted, and that only a tiny portion was ever converted to equity.

6. The Debtors', the Committee's and now the Trustee's obsession with the number of times defined terms are used in the Debenture, the Securities Purchase Agreement and related documents (the "Debt Documents"), to the complete ignorance of (i) how the documents work, (ii) the elaborate security interest granted thereunder, and (iii) the testimony and intent of the Debtors' principals in entering into the deal, has attenuated and delayed this litigation and this bankruptcy case, rendering settlement prospects difficult. The testimony of the Debtors' former directors will likely reflect that of Messrs. Fiorino and Rabin, so that the key issue in this case appears likely to be triable in short and conclusive order.

7. The Debtor's and the Committee's "second summary judgment motion" on the 11 U.S.C. § 510(b) subordination claim [Doc 13] was denied due to the existence of material factual disputes. As this Court stated repeatedly during the arguments on that motion and on the Trustee's motion for reconsideration [Doc 40], and as set forth in Discover's brief in opposition to that motion [Doc 42], a multitude of factual issues exist that preclude the entry of summary judgment. The fact that the Trustee has chosen to continue his quixotic quest for summary judgment on this issue is no basis for delaying discovery and delaying the scheduled trial date of the Adversary.

8. The Motion is plainly a delaying tactic by the Trustee. The Trustee has sued Discover, not the other way around, and basic fairness and due process principles demand that a plaintiff not be permitted to delay litigation that it instituted to the prejudice of a defendant. With the passage of time, witnesses' memories fade, evidence grows stale, and litigants grow fatigued. The Adversary must be tried in order for these chapter 7 cases to be administered and closed. No reason exists to delay discovery and trial in this action.

9. The witnesses, such as Tony Fiorino and the Debtors' former board of directors, have no stake in these chapter 7 cases. Gary Rabin died in late 2019. Even a sixty day delay prejudices Discover due to the real risk of the loss of evidence.

10. The Motion discusses "Discovery to Date and Upcoming Mediation," but nothing set forth in that discussion warrants a sixty day delay. The parties have exchanged interrogatories which can be answered by June 17. A deposition of Jason Sardo of Maxim Group, LLC, the investment bank involved in arranging the 2018 debt transaction between Discover and Immune Pharmaceuticals, Inc. at issue is scheduled for June 16, 2021. Discover's document production has been provided to the Trustee, and Discover has the Debtors' document production from the pre-conversion era. The Trustee has received additional documents from the Debtors and their agents and counsel has advised that the Trustee is prepared to produce those documents shortly.

11. The only part of discovery that does not appear to be able to be completed by June 17 are the depositions of Mr. Fiorino and the Debtors' other former directors, Daniel Teper, Daniel Kazado, John Nezcesny and Anthony Paley, and possibly Mr. Kirkland. Discover delivered subpoenas for the director and officer witnesses to their counsel in *Discover Growth Fund, LLC v. Fiorino, et al.*, Civil Action No. 20-cv-351(CCC)(AME) ("D&O Action") for depositions during the week of June 14, 2021 in an effort to meet the June 17 end date, but those witnesses' counsel had scheduling conflicts that week, as did certain of the witnesses. Counsel are presently in discussions regarding those depositions, and hope to schedule the same for early July. Nothing about the current state of discovery warrants another sixty days' extension of the current schedule and the inevitable delay of the October 20 trial date that such an extension would cause.

12. As to mediation, the Trustee, Discover and the defendants in the D&O Action are presently discussing dates for same, perhaps as early as June 28 or 29, 2021. If mediation results in a global settlement between all parties that obviates the need for further discovery in the Adversary, all the better, but again, the pendency of mediation does not warrant the sixty day extensions sought by the Motion. If this case does not settle, then the Trustee should finish the outstanding discovery as soon as possible and the parties should take the remaining depositions in July, and then move on to expert discovery with a view to maintaining the October 20, 2021 trial date.

13. Typically, the good cause standard of Fed. R. Civ. P. 16(b)(4) "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)(quotations and alterations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)."

14. Both Discover and the Trustee have been attempting to comply with the June 17 fact discovery end date, and, as noted above, the remaining depositions should be completed in July. The delay in obtaining those depositions is largely a function of counsel's and the witnesses' schedules during the month of June. As such, the issue is less one of diligence, and more a matter of the lack of necessity for the length of the extension sought. No need exists to extend anything for sixty days – the remaining fact discovery should be complete next month, expert discovery can proceed, and the current trial date can be maintained. Such an extension would almost certainly result in a further delay of the scheduled trial date and prejudice Discover. Discover is entitled to get to trial on the scheduled trial date in October. All of the

Federal Rules of Civil Procedure relevant to civil litigation "are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action.'" *Herbert v. Lando*, 441 U.S. 153 (1979). The long extensions sought by the Motion, after two years of litigation, are the antithesis of the speedy resolution of the Adversary, and should not be granted.

15. In sum, nothing is served by extending the discovery end dates for sixty days. The Motion suggests that the extension could save both the Trustee and Discover litigation expense, but that claim rings false. Discovery must be completed - the only way to save expense is if the parties reach a global resolution at mediation. The Trustee sued Discover, and if he seeks to eliminate the cost of that endeavor, he is free to dismiss the Amended Complaint. Short of that, the Trustee is obligated to litigate.

**WHEREFORE**, Discover respectfully requests that this Court deny the Motion and permit the parties to finish the remaining aspects of fact discovery in early July so that this matter may be resolved and tried beginning on October 20, 2021.

Dated: June 8, 2021

                              **GIBBONS P.C.**

                              By: _____
                                  Dale E. Barney

                              *Counsel for Discover Growth Fund, LLC*

2900877.1 115785-100485