# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

## ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKIN ∆
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*□
JEFFREY A. COOPER*
HENRY M. KARWOWSKI*
LAURA E. QUINN*
JOHN J. HARMON*

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

\* MEMBER NJ & NY BARS
∆ MEMBER NJ & GA BARS
□ MEMBER MA BAR

June 11, 2021

<u>Via ECF</u>

Honorable Vincent F. Papalia
United States Bankruptcy Court
P.O. Box 1352
Newark, New Jersey 07101-1352

Re:   **Immune Pharmaceuticals Inc.,** *et al.* **(the "Debtors")**
      **Case No. 19-13272 (VFP)**

      **Lester v. Discover Growth Fund, LLC**
      **Adv. Pro. No. 19-02033**

Dear Judge Papalia:

In reference to the above-captioned matter, please accept this letter in reply to the Objection of Discover Growth Fund, LLC ("Discover") to the Trustee's Motion for Extension of Discovery Deadline of June 17, 2021 (the "Discovery Deadline") in this Adversary Proceeding.

Discover argues that discovery can be completed by the Discovery Deadline. As set forth hereinafter, however, by Discover's own admission, discovery will not be completed by then notwithstanding the parties' good faith efforts.

Although the Adversary Proceeding was commenced during the pendency of the Debtors' Chapter 11 cases, no meaningful discovery was conducted by the Debtors or the Committee. The cases were converted to Chapter 7 on April 2, 2020. The Trustee was appointed on April 3, 2020 and substituted in as Plaintiff on June 25, 2020. The issue was not joined until November 16, 2020, when Discover answered the Amended Complaint.

Since the entry of the amended scheduling order on January 21, 2020, the parties have engaged in significant discovery. For starters, the Trustee has collected documents from multiple sources including hard copy documents from the Debtors' storage facility, hard copy documents from the Israeli Liquidator, electronic documents from the data room maintained by the Israeli Liquidator, and electronic documents from Discover and the Debtors. Presently, the Trustee's counsel has in its possession 945,767 pages of documents. Suffice it to say, reviewing these documents is no small task. Currently, the Trustee is in the process of reviewing the documents for relevance and privilege. With respect to the privilege review, there are multiple attorneys involved and many documents that may be subject to attorney-client privilege and/or

the work product doctrine, all of which will have to be detailed in a privilege log. This process is ongoing.

Also, the Trustee has served a deposition notice on Discover's principal, Mr. Kirkland, and a deposition notice on Discover pursuant to Rule 30(b)(6). The depositions of Discover and Mr. Kirkland were originally scheduled for June 1, 2021. Discover requested an adjournment to which the Trustee consented. The Trustee proposed adjourned dates of June 9, 2021 and June 10, 2021. Two days before the first scheduled adjourned date, Discover indicated that it was not available, and it has not yet proposed alternate dates. Thus, it does not appear that the depositions of Discover and Mr. Kirkland will be completed before the Discovery Deadline. Indeed, Discover acknowledges that the depositions will not occur until July at the earliest.

Moreover, the Trustee has served Rule 2004 subpoenas on several of the former directors and officers of the Debtors for the production of documents and depositions. The former directors and officers have yet to produce documents or appear for depositions. Incidentally, as part of an upcoming private party mediation between Discover and the former directors and officers and in which the Trustee is participating, the former directors officers requested and the Trustee agreed, in order to facilitate the mediation, to adjourn the Rule 2004 discovery pending the outcome of the mediation.

Finally, Discover itself has also served subpoenas on the former directors and officers. Those depositions are not likely to be conducted until sometime in July 2021.

As set forth in the Motion, not only does Rule 16(b)(4) allow for an extension based on cause, the scheduling order itself contemplates an extension of the Discovery Deadline. Research reveals no shortage of cases in which courts in this District have found cause and granted an extension of a discovery deadline. See, e.g., 800 Cooper Fin., LLC v. Shu-Lin Liu, 2021 U.S. Dist. LEXIS 39590, at *5-6 (D.N.J. Mar. 3, 2021) ("Judge Schneider's Order [extending discovery] indicates that he found good cause to enter the Order [based on parties' inability to schedule timely depositions], and Defendants fail to show otherwise. Thus, Defendants have not shown that Judge Schneider's decision to extend discovery constitutes a 'clear error of law' error worthy of reconsideration." (citation omitted)); Liddell v. Green, 2019 U.S. Dist. LEXIS 7865, at *3 (D.N.J. Jan. 15, 2019) (extending discovery based on parties' inability to complete discovery up to that point); Konopca v. FDS Bank, 2016 U.S. Dist. LEXXIS 41022, at *4-5 (D.N.J. Mar. 29, 2016) (denying appeal of magistrate order reopening discovery in favor of defendant where "[w]hile Defendant did wait until the day before the close of discovery, Defendant still sought discovery before the period was scheduled to close" and "Defendant did, in fact, comply with the actual dates of the discovery deadline"); Green v. Corzine, 2010 U.S. Dist. LEXIS 67605, at *6 (D.N.J. July 6, 2010) ("Given the delays in pleadings occasioned by the motion practice in this case, it was reasonable to extend the parties' right to conduct discovery. Accordingly, the Magistrate Judge had good cause to enter the amended scheduling order.").

Here, given the foregoing, the Motion is not a "delaying tactic." On the contrary, cause exists and a 60 day extension is more than reasonable under the circumstances. Further, on the issue of prejudice, Discover cites Gary Rabin's death as a basis for "the real risk of the loss of evidence." His testimony has already been preserved, however, in connection with a deposition taken as part of Discover's motion for relief from the stay. And no one, including Discover, has sought to subpoena Rabin's estate. Otherwise, Discover fails to identify any other basis for

prejudice. In fact, as it acknowledges, Discover too seeks discovery which will not be complete by the Discovery Deadline. Finally, Discover does not deny that the Trustee has operated in good faith and has exercised due diligence in this adversary proceeding, especially given the extensive motion practice in this proceeding. As for the Trustee's pursuit of his appellate rights, in particular, it has no bearing on the Motion.

For the foregoing reasons, the Trustee respectfully requests that this Court grant his Motion for Extension of Discovery Deadlines.

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, LLC

Jonathan I. Rabinowitz

JIR:jc

cc:  Dale Barney, Esq. (via-ECF and e-mail)